GUSTAVE WAMSGANZ, Appellant, v. FARMERS CO-OPERATIVE EXCHANGE COMPANY, a corporation, Respondent.

St. Louis Court of Appeals. Opinion Filed February 8, 1921.

LANDLORD AND TENANT: Attachment for Unpaid Rent: Available Only During Existence of Status of Landlord and Tenant: Not After Relationship Has Ceased. In a suit by attachment under the landlord and tenant act, section 7896, Revised Statutes 1909, Subdivision 6, providing that any person who shall be liable to pay rent, when the rent is due and unpaid after demand thereof, shall be liable to attachment for such rent, does not entitle an owner of property to an attachment against a former tenant for unpaid rent; the words of the statute "any person who shall be liable to pay rent" means "any tenant" shall be liable to attachment for such rent when the rent is due and unpaid after demand thereof, in view of Subdivision 3, requiring the landlord, if he desires to invoke his right of attachment when the tenant has removed his property from the leased or rented premises, he shall do so within thirty days: by Clause 6, it is merely intended to give the landlord the right to attachment at any time during the existence of the *status* of landlord and tenant, when the tenant has failed to pay the rent which has become due and remains unpaid after demand therefor, and not after the relation of landlord and tenant has ceased to exist.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. William T. Jones*, Judge.

AFFIRMED.

*Hugh D. McCorkle* for appellant.

(1) Statutes are to be construed according to their plain, natural and ordinary meaning and fanciful and technical interpretations are not favored. St. Louis & I. M. Ry. v. Clark, 53 Mo. 214; Henry, etc., v. Evans, 97 Mo. M. K. & T. Ry. Co., 94 Mo. App. 336. (2) Liability to pay rent presupposes an existing or former relation of landlord and tenant, and where a contract for occupancy does not create that relation, the attachment under this statute

does not lie. Edmonson v. Kite, 43 Mo. 176; Norman v. Key, 222 S. W. 499; McLaughlin v. Dunn, 45 Mo. App. 645; Peck v. Dunavant, 148 Mo. App. 69, 127 S. W. 678; 24 Cyc. 1235, and cases cited. (3) Whenever rent is due and unpaid, after demand thereof, the landlord may have his attachment, and the statute does not limit the right to cases where the relation of landlord and tenant still exists. (4) This statute was enacted over forty years after distraint was obsolete in Missouri, and no decision or state of law prior to 1877 can furnish any aid in interpreting the sixth clause of the statute.

*Joseph F. Dixon* for respondent.

(1) The general purpose and object of the statute is never to be overlooked in its construction and application, and it should always have a reasonable interpretation. Carson-Rand Co. v. Stern, 129 Mo. 381. (2) One prevalent rule in construing statutes is that the expression of one thing is the exclusion of another. State ex rel. v. Fisher, 119 Mo. 343. (3) The effects and consequences of any proposed construction of a law may properly be considered as an aid in ascertaining the probable intention of law-giver as expressed in it. Bowers v. Smith, 111 Mo. 45. (4) The general understanding of a law, and the constant practice under it for a long period of time, is strong evidence of its true meaning. Venoble v. Wabash, 112 Mo. 103.

BECKER, J.—This is a suit by attachment under the landlord and tenant act (sec. 7896, Revised Statutes of Missouri, 1909) for the purpose of recovering rent for certain property in the City of St. Louis which was rented by appellant Wamsganz, plaintiff below to defendant, Farmers Co-operative Exchange Company, a corporation, respondent. Plaintiff had judgment for $160 for his rent, but his attachment was abated both by the justice of the peace before whom the suit was originally instituted and by the circuit court on appeal on defendant's plea in abatement.

Defendant below had been the tenant of the plaintiff and having fallen several months behind in the payment of the rent for the premises occupied by it, was told by the plaintiff to either " pay the rent or get out." The defendant thereupon did "get out" and removed its effects from the rented building, getting the last of its goods away August 31, 1915. Thereafter, on November 26, 1915, plaintiff filed his action by attachment averring in his affidavit that he had a just demand against the defendant for rent in the sum of $180, then due and unpaid, though often demanded, and that he believed he would lose his rent unless an attachment issued. Property of the defendant was levied upon and immediately released on a forthcoming bond. As stated above the plaintiff ha⸓ judgment for $106 for his rent but his attachment was abated, whereupon plaintiff in due course appeals.

The only question before us is the correctness of the ruling of the learned trial court in interpreting section 7896, Revised Statutes of Missouri, 1909, to the effect that under clause six thereof the right of the landlord to bring suit by attachment existed only during the time that the relation of landlord and tenant continued to exist.

The statute so far as the same is applicable to this suit is as follows:

"Sec. 7896.  Attachment for rent will lie, when—how obtained—Any person who shall be liable to pay rent, whether the same be due or not, or whether the same be payable in money or other thing, if the rent be due within one year thereafter, shall be liable to attachment for such rent, in the following instances:  First, when he intends to remove his property from the leased or rented premises; second, when he is removing his property from the leased or rented premises; third, when he has, within thirty days, removed his property from the leased or rented premises; fourth, when he shall in any manner dispose of the crop, or any part thereof, grown on the leased or rented premises, so as to endanger, hinder or delay the collection of the rent; fifth, when he shall attempt to dispose of the crop, or any part thereof, grown on the leased or rented premises, so as to endanger,

hinder or delay the collection of the rent; sixth, when the rent is due and unpaid, after demand thereof: . . .''

Learned counsel for appellant seriously contends that under clause six of said statute the remedy by attachment is open to the owner of the premises for the full period of the general Statutes of Limitations. To this view we cannot agree.

We have been cited no decision nor have we found any by any of the appellant courts of this State in which the question herein presented has been discussed. And though we have examined similar statutes in. other States we have found none with a provision similar to that of provision six in our said statute, or so closely analogous thereto that the interpretation thereof by other courts of last resort would be of any benefit to us.

Reading the section of the statute in its entirety and as a part of the chapter on ''Landlord and Tenant,'' and applying to it the plain, natural and original meaning, free from any technical interpretation, we construe this section as intending to give the landlord the right to sue out an attachment for rent when the rent or any installment thereof is due and the *tenant* fails or refuses on demand to pay such rent or any installment thereof, provided the landlord complies with the requirements of said section with reference to filing the necessary affidavit, etc. In other words, in our view, when the statute provides that ''any person who shall be liable to pay rent,'' it means that ''*any tenant*'' shall be liable to attachment for such rent when the rent is due and unpaid after demand thereof.

We are strengthened in our view in light of the fact that under the third provision of this section the landlord may file his attachment when the tenant has ''within thirty days removed his property from the leased or rented premises.'' Under this third subsection then it is requisite that the landlord, if he desires to invoke his right of attachment when the tenant has removed his property from the leased or rented premises, shall do so ''within thirty days.'' It is natural or reasonable then to

suppose that the Legislature would have, immediately following thereafter, and in the same section of the statute, been so inconsistent as to provide, by the sixth clause, that the landlord shall be entitled to bring suit by attachment for rent that is due and unpaid after demand thereof at any time within the period of the general Statutes of Limitations? We think not. Such a construction would clearly result in making the third and sixth subdivisions of the statute inconsistent. This is well illustrated in the present case for here, though it is admitted that the defendant, the former tenant, removed all of its property from the premises, to that under the third provision of the section of the statute the landlord if relying upon that as a ground, should have brought his suit by attachment within thirty days from August 31, 1915, the day when the property of the defendant was admittedly removed from the premises, yet he did not begin his action until November 26th, nearly two months after the thirty days' period allowed by said section three had elasped and that too though all the rent sued for herein was due and unpaid on said August 31, 1915, when the defendant removed its property from the premises.

We are of the view that by section six it is merely intended to give the landlord the right to attachment at any time *during the existence of the statute of land-lord and tenant* when the tenant has failed to pay the rent which has become due and remains unpaid after demand therefor, and not *after* the relation of landlord and tenant has ceased to exist. This interpretation preserves harmony between the third and sixth grounds set up in the statutes and makes for the practical operation of the statute, and under this construction no conflict can arise as to the right of any succeeding landlord to attachment if the person already owing another a sum as for rent shall have thereafter become his tenant and have again failed to pay rent due upon demand.

It follows from what we have said above that the judgment should be and the same is hereby affirmed. *Reynolds, P. J.,* and *Allen, J.,* concur.